IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2-19-CV-14355

CHRISTOPHER KOCH,

    Plaintiff,

vs.

SOUTHERN DELI PROVISIONS.,
A Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CHRISTOPHER KOCH (hereafter "KOCH"), by and through his undersigned counsel, hereby sues Defendant, SOUTHERN DELI PROVISIONS, (hereafter "SDP"), a Florida Limited Liability Company, and alleges as follows:

### Nature of Action

1. This is an action for recovery of unpaid overtime compensation owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("the FLSA" as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiff's claim is brought pursuant to the FLSA to recover unpaid overtime, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA [29 U.S.C. 216(b)].

3. The acts and omissions that give rise to this action occurred in Lake Park, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1331.

Christopher Koch v. Southern Deli Provisions
Case No. _____
Page 2

## Parties

4.  At all times material hereto, KOCH was and is a resident of Martin County, Florida.

5.  During KOCH'S employment he performed duties as a food delivery driver throughout the State of Florida. KOCH was employed fulltime from on or about January of 2015 through on or about May, 2019.

6.  At all times material hereto, SDP was a Florida corporation doing business throughout Florida.

7.  At all times material hereto, SDP was engaged in the food delivery service business delivering lunch meats/cold cuts to deli's and other food establishments in Florida.

8.  At all times material hereto, SDP possessed control over terms and conditions of Plaintiff's employment.

9.  At all times material hereto, SDP employed Plaintiff and regularly was engaged in interstate commerce.

10. At all times material hereto, SDP had annual gross sales or business done of not less than $500,000.00. By reason of the foregoing, SDP was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

11. At all times material hereto, SDP employed employees, including KOCH, who regularly were and are individually engaged in interstate commerce.

12. Venue is proper in this Court as the unlawful employment practices complained of herein occurred and/or were committed in the Southern District of Florida, and

Christopher Koch v. Southern Deli Provisions
Case No. _____
Page 3

Defendants were and continue to be engaged in business enterprises in the Southern District of Florida.

13. Defendant's business activities involved those to which the FLSA applies.

### General Allegations

14. KOCH was hired as a delivery driver for SDP in 2015 for the purpose of delivering food for the company throughout the state of Florida.

15. At all times material hereto, the relevant time period was from June of 2017 through October of 2018.

16. During the relevant time period, KOCH was a non-exempt employee of SDP.

17. KOCH was hired to work four (4) days a week and was to be paid $200/day regardless of how many hours he worked per day.

18. KOCH worked out of the Lake Park, Florida office travelling to different locations in Florida on a daily basis including but not limited to Key West, Tampa, Santa Belle, and Melbourne.

19. As a result of KOCH having to travel to multiple cities on any given day, he worked in excess of forty hours in several work weeks during the relevant time period.

20. At all times material hereto, KOCH was driving a vehicle whose gross vehicle weight was 10,000 pounds or less.

Christopher Koch v. Southern Deli Provisions
Case No. _____
Page 4

21. That the vehicle that KOCH drove during all relevant times had a gross vehicle weight of 9,900 pounds displayed on the door.

22. At all times material hereto, KOCH fell under the small vehicle exception.

23. SDP failed to pay overtime compensation for all hours worked in excess of forty per work week. This resulted in the failure to pay KOCH overtime compensation as required by the FLSA in work weeks in which he worked in excess of forty hours per week.

24. SDP's failure to pay KOCH overtime continued from the beginning of his employment until December of 2018, when SDP forced KOCH to change to a heavier vehicle thereby making him an exempt employee from that time forward.

### Unpaid Overtime Claim of Plaintiff

25. KOCH hereby incorporates paragraphs 1 through 23 of this Complaint by reference.

26. KOCH had in several work weeks during his employment worked in excess of forty hours per week for SDP. In these work weeks, KOCH was not paid overtime compensation by SDP as is required by the FLSA.

27. As a direct and proximate result of SDP's underpayment of wages, KOCH has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

Christopher Koch v. Southern Deli Provisions
Case No. _____
Page 5

28. SDP's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, KOCH is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, KOCH demands judgment against SDP for compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Demand for Jury Trial

Plaintiff demands trial by jury of all issues so triable.

**The Lewis Law Group, P.A.**
Attorney for Plaintiff
1115 East Ocean Boulevard
Stuart, Florida   34996
Phone (772) 286-7861
Fax (772) 288-2013

By:   /s/ Christopher T. Lewis,
        Christopher T. Lewis, Esquire
        Fla. Bar No. 0012589